S05A0492. KHALEES v. THE STATE.
(612 SE2d 799)

FLETCHER, Chief Justice.

Frederick Bryant Khalees appeals from his convictions for malice murder and related crimes arising out of the shooting death of Kenneth Davis.[1] Finding no error, we affirm.

1. The evidence at trial showed that Khalees and the victim were once friends but had a falling out over money, which led Khalees to make threatening statements toward the victim. A week later, the victim was shot outside of the residence of Khalees' girlfriend. The victim did not die until several weeks later, and identified Khalees as the shooter on more than one occasion. Cellular phone records also

---

[1] The crimes occurred on August 4, 2002. On February 28, 2003, Khalees was indicted for malice murder, felony murder, aggravated assault, use of a firearm by a convicted felon, aggravated battery, and use of a firearm during the commission of a felony. On April 29, 2003, a Fulton County jury convicted Khalees on all counts. The aggravated assault conviction merged into the felony murder convictions, which were vacated by operation of law. Khalees was sentenced to life in prison for malice murder; twenty consecutive years for aggravated battery; fifteen consecutive years for use of a firearm by a convicted felon; and five consecutive years for use of a firearm during the commission of a felony. Khalees filed a timely motion for new trial on April 30, 2003. He amended his motion for new trial on March 11, 2004, which was denied the same day. Khalees filed his timely notice of appeal on March 18, 2004. The case was docketed in this Court on November 19, 2004, and submitted on the briefs on January 10, 2005.

placed Khalees near the crime scene and not at his home, where he claimed to be. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Khalees was guilty of the crimes for which he was convicted.[2]

2. Contrary to Khalees' assertions, trial counsel was not ineffective in questioning a State witness about an incident several months earlier where Khalees also drew a gun, and the trial court did not abuse its discretion in admitting similar transaction evidence.

For these reasons, we affirm.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 9, 2005.

*Patrick G. Longhi,* for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General,* for appellee.

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).